NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRI L. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARS NATIONAL SERVICES, INC.,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

　　NOW comes TERRI L. DAVIS ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of ARS NATIONAL SERVICES, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

　1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Eastern District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Bakersfield, California, which is located within the Eastern District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency holding itself out as "a proven leader in the account receivables management industry."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 201 West Grand Avenue, Escondido, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

---

[1] https://www.arsnational.com/

10. The subject debt stems from a personal line of credit Plaintiff obtained from Department Stores National Bank in connection with a Macy's retail store account Plaintiff opened.

11. On or about May 8, 2019, Defendant sent Plaintiff a dunning letter attempting to collect upon the subject consumer debt.

12. The dunning letter was the initial written communication Plaintiff received from Defendant.

13. The dunning letter provided the total balance of the subject debt - $819.54 – as well as the remaining information required to be included in debt collectors' initial written communications with consumers pursuant to 15 U.S.C. § 1692g.

14. Thereafter, on or about June 17, 2019, Defendant sent Plaintiff a subsequent collection letter attempting to collect upon the subject debt.

15. This collection letter again represented that the total balance owed on the subject consumer debt was $819.54.

16. The collection letter goes on to state "[w]hile your account is with our office, if you pay $819.54, the above-referenced account will be considered paid in full."

17. Given that $819.54 is the total balance of the subject debt and that the subject debt was static, Defendant's temporally conditional language "while this account is with our office" in reference to Plaintiff's paying the *full* balance of the debt in order to satisfy the debt is a deceptive and misleading statement as it suggests to Plaintiff the possibility that, at some point, she may be required to pay *more* than the full balance of the subject debt.

18. It is further deceptive and misleading for Defendant to represent that Plaintiff's failure to address the subject debt with it – before it went to another debt collector – could result in Plaintiff being responsible for an amount greater than her total obligation on the subject debt.

19. Plaintiff has suffered financial loss including expending assets and time dealing with Defendant's conduct.

3

20. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a. Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. § 1692e. e(2)(A), and e(10) when it deceptively and misleadingly represented that Plaintiff may be required to pay more than the total balance on the subject debt. Specifically, Defendant's use of the language "while your account is with our office, if you pay [the full balance of the debt], the above-referenced account will be considered paid in

full" violates the above-referenced portions of the FDCPA. Defendant's use of "while your account is with our office" suggests to Plaintiff and consumers that the subsequently referenced *full balance* of the subject debt may increase at some point in the future. *See e.g., Lopez-Gordillo v. Fin. Recovery Servs.,* 2019 U.S. Dist. LEXIS 21519 (N.D. Ill. Feb. 11, 2019) (noting that a debt collector's use of the language "'while your account is with this office' . . . can suggest to a reasonable consumer that the balance of the debt would increase"). However, because the full balance of the subject debt is $894.15, Defendant's suggestion that Plaintiff may be required to pay more than this amount in the future is a deceptive and misleading representation as to the nature and status of the subject debt.

29. Defendant further violated 15 U.S.C. § 1692e, e(2)(A), and e(10) through its suggestion that, while the account was with it, full payment on the subject debt would result in the balance being paid in full. Defendant's representation was designed to instill in consumers the sense that they should address their obligations with Defendant. However, regardless of the debt collector collecting the subject debt, Plaintiff's full satisfaction of the overall balance would result in the account being considered paid in full, further illustrating the deceptive and misleading nature of Defendant's collection letter.

   **b. Violations of the FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 169f when it unfairly suggested that Plaintiff may be required to pay more than her full obligation on the subject debt. Suggesting to consumers that they may have to pay more than what they actually owe is inherently unfair conduct in violation of the FDCPA.

WHEREFORE, Plaintiff, TERRI L. DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

37. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and unfair conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

38. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, TERRI L. DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: June 28, 2019                Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com